
FILED
APR 2 8 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LENZY LEE TERRY,**

    Petitioner,

v.                            Civil Action No. **3:10CV635**

**LORETTA KELLY,**

    Respondent.

### MEMORANDUM OPINION

Lenzy Lee Terry, a Virginia inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Terry challenges his conviction in the Circuit Court for Brunswick County ("the Circuit Court") for malicious wounding. Respondent has moved to dismiss on the grounds that, inter alia, the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On November 10, 2008, the Circuit Court entered its final judgment with respect to Terry's malicious wounding conviction. Terry did not appeal.

On October 26, 2009, Terry filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. On March 12, 2010, the Supreme Court of Virginia dismissed Terry's petition for a writ of habeas corpus. (Br. Supp. Mot. Dismiss Ex. 4; Terry v.

<u>Warden, Sussex I State Prison</u>, No. 092410 (Va. Mar. 12, 2010). Thereafter, on June 16, 2010, the Supreme Court of Virginia denied Terry's petition for a rehearing. (Br. Supp. Mot. Dismiss 2 n.2.)

The envelope for Terry's 28 U.S.C. § 2254 Petition indicates that the § 2254 Petition was received in the prison mailroom on September 2, 2010. For purposes of the present motion, the federal petition will be deemed filed as of that date. <u>See</u> <u>Houston v.</u> <u>Lack</u>, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Terry contends that he is entitled to relief upon the following grounds:

> Claim One    Petitioner should not be bound by his statements during his guilty plea because he was coerced into pleading guilty.

> Claim Two    Petitioner was denied the effective assistance of counsel because counsel coerced Petitioner to plead guilty. Counsel should have investigated the fact that the prosecution had nolle prossed an assault and battery charge.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Terry's § 2254 Petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. TIMELINESS OF TERRY'S § 2254 PETITION

Terry's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on Wednesday, December 10, 2008, the last date to file a notice of appeal with respect to his criminal conviction. See O'Donnell v. Virginia, No. 3:08cv00018, 2008 WL 3166515, at *2 (E.D. Va. Aug. 5, 2008). The limitation period began to run on December 11, 2008, and 319 days of the limitation period elapsed before Terry filed his state petition for a writ of habeas corpus on October 26, 2009.

Pursuant to 28 U.S.C. § 2244(d)(2), the limitation period was tolled from October 26, 2009 until the Supreme Court of Virginia denied Terry's petition for rehearing on his state habeas corpus petition on June 16, 2010. As of June 16, 2010, Terry had 46 days or until Monday, August 2, 2010 to file his § 2254 Petition. Terry did not file his § 2254 Petition by that date. Hence, the § 2254 Petition is barred by the statute of limitations unless Terry is

entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Neither Terry nor the record suggest Terry is entitled to equitable tolling or a belated commencement of the limitation period. Accordingly, the motion to dismiss (Docket No. 11) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED. The Court will deny a certificate of appealability.[1]

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Terry and counsel of record.

An appropriate Order shall issue.

/s/    REP
_____
Robert E. Payne
Senior United States District Judge

Date: April 27, 2011
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated above, Terry has not satisfied this standard.